# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS,<br>CDCR #F-92755,<br><br>                              Plaintiff,<br><br>vs.<br><br><br>LARRY SMALL, et al.,<br><br>                              Defendants. | Civil No.   10cv1211 MMA (POR)<br><br>**ORDER:**<br><br>**(1)  DISMISSING ACTION WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b); and**<br><br>**(2) DENYING MOTION FOR COURT TO ISSUE SUMMONS UPON DEFENDANTS AS MOOT** |

## I.

### PROCEDURAL HISTORY

On June 4, 2010, Paul Adams ("Plaintiff"), a state prisoner currently incarcerated at Ironwood State Prison located in Blythe, California, and proceeding pro se, submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983.  In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

1  On June 28, 2010, the Court issued an Order granting Plaintiff's Motion to Proceed IFP
2  and dismissing his Complaint for failing to state a claim. *See* June 28, 2010 Order at 5-6.
3  Plaintiff was provided the opportunity to file an Amended Complaint in order to correct the
4  deficiencies of pleading identified by the Court. *Id.* Plaintiff then sought, and received, several
5  extensions of time to file his Amended Complaint. On December 1, 2010, Plaintiff filed his First
6  Amended Complaint ("FAC"). In addition Plaintiff has filed a "Motion for Court to Issue
7  Summons Upon Defendants in the Case" [Doc. No. 13].

## II.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

10  Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation
11  Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers
12  or employees of governmental entities and dismiss those or any portion of those found frivolous,
13  malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief
14  from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez
15  v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213
16  F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

17  Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only
18  frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C.
19  §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule
20  on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal
21  pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires
22  a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v.
23  Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to
24  amend, however, unless it determines that "the pleading could not possibly be cured by the
25  allegation of other facts" and if it appears "at all possible that the plaintiff can correct the
26  defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.
27  1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).
28  / / /

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### A.     Constitutional Claims

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B.     Rule 8

The Court finds that Plaintiff's First Amended Complaint fails to comply with Rule 8. Specifically, Rule 8 provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(1) & (2). Plaintiff appears to have filed two separate First Amended Complaints and many of his allegations are incomprehensible. If Plaintiff chooses to file an Amended Complaint, he must comply with Rule 8. He is further cautioned that he must also comply with Local Rule 8.2 which provides, in part, that prisoners must use the Court's form complaints and any additional pages are "not to exceed fifteen (15) in number." S.D. CIVLR 8.2.

### C.     Fourteenth Amendment Due Process claims

In his First Amended Complaint, Plaintiff alleges that his due process rights were violated when he was classified as a prison gang member and lost privileges and good time credits as a

result. As currently pleaded, Plaintiff's claims must be dismissed because they are premature under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Constitutional claims involving a prison's disciplinary or administrative decisions to revoke good-time credits are subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1) since habeas corpus is the exclusive federal remedy whenever the claim for damages depends on a determination that a disciplinary judgment is invalid or the sentence currently being served is unconstitutionally long. *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997); *Heck*, 512 U.S. at 486-87; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Plaintiff alleges that he was wrongfully classified as a gang member and lost good time credits as a result. *See* FAC at 9. In order to state a claim for damages under section 1983 based on these allegations under *Heck* and *Edwards*, however, Plaintiff must allege facts in his First Amended Complaint sufficient to show that Defendants' decision to remove his credits has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Plaintiff has failed to do so; therefore, he must sufficiently amend his Complaint to provide such a showing before any cause of action for damages accrues under the Civil Rights Act. *Id.*

Plaintiff also alleges that his due process rights were violated during his disciplinary hearing which led to the loss of good time credits and time spent in Administrative Segregation ("Ad-Seg"). Even if Plaintiff were able to overcome the *Heck* bar, he has failed to state a Fourteenth Amendment due process claim. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes

an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of his placement in Ad-Seg which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed to allege a liberty interest in remaining free of Ad-seg, and thus, has failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486 (holding that placing an inmate in administrative segregation for thirty days "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.").

Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that

1  if his amended complaint fails to address the deficiencies of pleading noted above, it may be
2  dismissed with prejudice and without leave to amend.

### III.
### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1.  Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

2.  Plaintiff's Motion for Court to Issue Summons Upon Defendants in the Case [Doc. No. 13] is **DENIED** as moot in light of the Court's dismissal of the action.

3.  The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED**.

DATED: February 9, 2011

*[signature: Michael M. Anello]*

Hon. Michael M. Anello
United States District Judge